# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Grant Jason Bresnahan, | Civ. No. 11-1418 (PJS/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Tom Roy, Commissioner of Corrections, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Petitioner Grant Jason Bresnahan's Petition for Writ of Habeas Corpus (ECF No. 1). Petitioner asserts three grounds for relief. Petitioner's first claim is based on ineffective assistance of trial counsel. Specifically, he claims his trial counsel failed to adequately investigate evidence, entered into pretrial agreements that precluded the introduction of certain evidence, failed to object to the introduction of certain evidence, and failed to communicate accurately the state's plea agreement. Petitioner also asserts ineffective assistance of appellate counsel based on his appellate counsel's failure to raise the issue of ineffective assistance of trial counsel on direct appeal. Finally, Petitioner claims the trial court erroneously admitted Rule 404(b) "other acts" evidence. As discussed more fully below, the Court recommends the petition be denied.

I.  Background

On December 13, 2007, Petitioner sexually assaulted and burglarized his neighbor. *State v. Bresnahan* ("*Bresnahan I*"), No. A08-1273, 2009 WL 2997925, at *1 (Minn. Ct. App. Sept. 22, 2009) (direct appeal). Petitioner and his neighbor had a long-standing feud. *Id.* On the date of

the offense, Petitioner went to his neighbor's house and yelled at her to come outside. *Id.* She did not come out, so Petitioner pounded on the front door. *Id.* After his neighbor opened the door a crack, Petitioner forced his way in, pushed his neighbor against the wall, licked her face, made derogatory comments, and then touched her vagina and breasts under her robe. *Id.* After the victim saw Petitioner had two knives in his possession, she persuaded him to leave her home and she called the police. *Id.*

When police arrived at the scene, they arrested Petitioner, who was apparently drunk. *Id.* Upon arresting Petitioner, the police asked whether he had any knives in his possession, which Petitioner denied. *Id.* Petitioner invited the police to search his home, at which point the police found a sheathed knife and an empty knife sheath. *Id.* The trial court denied Petitioner's motion to suppress the knives and admitted that evidence at trial. *Id.*

Also during the trial, the court refused to admit evidence of a previous attempt by the victim and her family to assault Petitioner. *Id.* Petitioner intended to use that evidence to refute the victim's credibility by establishing bias. *Id.* Because Petitioner did not notify the prosecutor of his intent to use such evidence before a date agreed upon by the government and defense counsel, and because the evidence was only marginally relevant, the court did not admit the evidence. *Id.*

Petitioner appealed his conviction, challenging only those two evidentiary rulings. *Id.* The court of appeals determined that Petitioner gave police his consent to search his house, that the atmosphere in which he gave consent was not coercive, and that his intoxication did not influence his will such that he unwillingly consented to a search. *Id.* at *2-3. The appellate court further determined, when balancing relevance, that the exclusion of evidence of a feud between Petitioner and his neighbor's family was not an abuse of discretion when balancing relevance. *Id.*

at *3. Petitioner attempted to admit the evidence late in trial, but evidence of animosity between Petitioner and the victim was well-established. *Id.* There was significant evidence in the record, such as prior restraining orders, to establish the victim was biased against Petitioner. *Id.* Accordingly, the court did not admit the cumulative bias evidence. *Id.*

Petitioner filed a post-conviction motion asserting ineffective assistance of trial and appellate counsel and denial of a fair trial by the introduction of unfairly prejudicial evidence. *Bresnahan v. State* ("*Bresnahan II*"), No. A10-1146, 2011 WL 500063, at *1 (Minn. Ct. App. Feb. 15, 2011) (post-conviction appeal). Relying exclusively on the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), and addressing the merits of Petitioner's claims, the court of appeals determined Petitioner failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. *Id.* at *2. The court refused to second guess counsel's trial strategy and found that trial counsel was effective. *Id.*

The court further determined that, because the trial counsel's representation did not fall below an objective standard of reasonableness, Petitioner's appellate counsel had no duty to raise ineffective assistance of counsel on appeal. *Id.* Because Petitioner had failed to establish ineffective assistance of counsel with respect to his trial or appellate counsel, the court of appeals found no error in the post-conviction court's denial of relief. *Id.* at *2-3.

Finally, the court of appeals determined that there was no error in the admission of "other acts" evidence. *Id.* at *3. The court noted that evidentiary rulings are within the trial court's sound discretion and that Petitioner needed to demonstrate an abuse of that discretion, by which he was prejudiced. *Id.* Finding that the "other acts" evidence was offered as evidence of the crime charged, the court affirmed the post-conviction court's denial of relief on this ground, as well. *Id.*

## II.     Discussion

As stated by the United States Supreme Court in *Preiser v. Rodriguez*, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973). On review of a habeas petition brought pursuant to 28 U.S.C. § 2254, a court determines whether the incarceration of a state prisoner violates the United States Constitution or United States Supreme Court precedent. 28 U.S.C. § 2254(a).

A federal court's review of the state court decisions underlying a state prisoner's habeas petition is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (quotation omitted). There are three circumstances in which a federal court may grant a state prisoner's habeas petition: (1) if the state court adjudication was contrary to clearly established federal law; (2) if the state court adjudication involved an unreasonable application of clearly established federal law; or (3) if the state court adjudication was based on an unreasonable evaluation of the facts. *See* 28 U.S.C. § 2254(d).

Before a state prisoner may seek federal habeas relief under § 2254, he "must 'fairly present' his federal claims to the state courts." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010). The purpose of this requirement is to give state courts the first opportunity to correct errors alleged by state prisoners. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the fair presentation requirement, the prisoner must present the federal nature of his claim to each level of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). When a state has two tiers of appellate review, a petitioner must raise his federal claims to both levels before presenting his claims in a federal habeas petition. *O'Sullivan*, 526 U.S. at 845 (finding procedural default when

4

petitioner raised three federal claims to the state intermediate appellate court but not in his petition for review to the state supreme court).

Here, the Court determines Petitioner has fairly presented his claims to the state court, and the trial court and appellate courts have weighed in on the merits of Petitioner's claims either on direct appeal or in the post-conviction proceedings. Respondent asserts that the ineffective assistance of trial counsel claim is barred by Minnesota's *Knaffla* rule, which is a procedural rule that requires a criminal defendant to raise all claims he knew or should have known in a direct appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). The post-conviction appeals court did not mention *Knaffla*, but rather the court addressed the merits of Petitioner's challenge. *Bresnahan II*, 2011 WL 500063, at *2. Accordingly, contrary to Respondent's assertion, Petitioner did raise the nature of his federal claim in state court, and the court addressed the merits.

Respondent also argues that the court of appeals clearly and expressly denied Petitioner's post-conviction relief on independent and adequate grounds, and therefore, the Court may not review Petitioner's claims. A state court's reliance on independent and adequate grounds bars a court's review. *See Beard v. Kindler*, 558 U.S. 53 (2009) (barring the review of a habeas petition where the state court actually relied on a rule that was sufficient to justify its decision); *Coleman v. Thompson*, 501 U.S. 722, 733 (1991). It is clear that the appellate court reviewed the substance of Petitioner's challenge and did not rely on the procedural *Knaffla* rule, despite the court's fleeting notation that "the postconviction court's findings are correct." *Bresnahan II*, 2011 WL 500063, at *2. Accordingly, the Court will reach the merits of Petitioner's claims of ineffective assistance of trial and appellate counsel.

### A. Ground 1: Ineffective Assistance of Trial Counsel

Petitioner asserts he was deprived of effective assistance of counsel because his trial counsel failed to investigate relevant evidence, entered into pretrial agreements that precluded the introduction of certain evidence, failed to object to the admission of "other acts" evidence, and failed to communicate accurately a plea agreement. Notably, Petitioner relies exclusively on *United States v. Cronic*, 466 U.S. 648 (1984). Indeed, Petitioner explained:

> I would like to be perfectly clear on what I **AM** claiming and what I am **NOT** claiming. I am **NOT** claiming: 1) Counsel's representation fell below an objective standard of reasonableness, and 2) that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 353, 83 S. Ct. 2052 (1984). What I **AM** claiming is that trial counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied upon as having produced a just result. This undermining was a result of trial counsel's "complete failure to subject the prosecution's case to meaningful adversarial testing; as a result the adversarial process itself is presumptively unreliable." *United States v. Cronic*, 466 U.S. 648, 658 (1984).

(Pet'r's Reply 2 (emphasis in original).) *Cronic*, which carries with it a presumption of prejudice, is inapplicable to the case at hand, however.

The Supreme Court has indicated that there are only three instances in which a court should apply *Cronic*. *Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (citations omitted). *Cronic* applies in cases that involve the actual, complete, literal denial of counsel at a critical stage of the adversary proceedings. *Id.* (citing *Cronic*, 466 U.S. at 659, 662). *Cronic* also applies where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 696 (citing *Cronic*, 466 U.S. at 659). Finally, *Cronic* applies where "counsel is called upon to render assistance under circumstances where competent counsel very likely could not." *Id.* (citing *Cronic*, 466 U.S. at 659-62). Petitioner contends that *Cronic*'s second exception applies.

6

Petitioner's argument is unpersuasive. To qualify as ineffective assistance under *Cronic*, counsel must "*entirely* fail to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659. That requires a finding that counsel failed to contest the prosecution as a whole, not at specific points. *Bell*, 535 U.S. at 697. Where a petitioner relies on counsel's specific decisions that allegedly contributed to his conviction, *Strickland* is the appropriate standard. *Id.* Petitioner offers four specific examples of decisions made by counsel that support Petitioner's claim of ineffective assistance. Petitioner has not demonstrated a complete failure to test the prosecution's case. For example, counsel negotiated pretrial agreements for Petitioner's benefit, cross-examined prosecution witnesses, and successfully established the victim's bias against Petitioner in support of the defense's theory of the case. Therefore, *Cronic* is inapplicable.[1] Instead, and despite Petitioner's emphasis that he would prefer the Court apply *Cronic*, the Court will consider *Strickland*'s two-part test.

To succeed on a claim of ineffective assistance of counsel under *Strickland*, Petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688-89. Courts must be mindful of the fact that there are "countless ways to provide effective assistance in any given case," and simply disagreeing with counsel's "sound trial strategy" may not support a finding of ineffective assistance. *Id.* at 689-90. After demonstrating an objectively unreasonable representation, Petitioner must demonstrate prejudice. *Id.* at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). The Court may address either component if Petitioner has made an insufficient

---

[1] It is clear from the record that Petitioner's trial counsel did not entirely fail to subject the prosecution's case to adversarial testing. Under *Cronic*, therefore, Petitioner would be unable to trigger the presumption of prejudice.

showing. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (citing *Hill v. Lockhart*, 474 U.S. 52-57 (1985)).

Here, three of the four allegedly defective actions are "reasonable trial strategy." *See, e.g.*, *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (acknowledging courts' refusal to second guess trial strategy); *Phyle v. Leapley*, 66 F.3d 154, 156-57 (8th Cir. 1995) (refusing to consider the decision not to object to certain testimony; finding that trial counsel's strategic decisions "are virtually unchallengeable"); *Battle v. Delo*, 19 F.3d 1547, 1555 (8th Cir. 1994) (discussing alleged failure to adequately investigate evidence).

For example, Petitioner challenges counsel's decision to enter into a pretrial agreement regarding the disclosure and introduction of evidence. That strategic decision inured to Petitioner's benefit. Moreover, Petitioner disagrees with counsel's decision not to object to the introduction of certain evidence, which is certainly within an attorney's discretion in putting forth a defense. *See Loefer v. United States*, 604 F.3d 1028, 1030-31 (8th Cir. 2010); *Phyle*, 66 F.3d at 156-57. Finally, it is clear from the record that counsel did indeed investigate the facts of the case because he put forth a defense that, among other things, cross-examined the prosecution's witnesses and established the victim's heavy bias against Petitioner. *See Strickland*, 466 U.S. at 691 (requiring counsel to make a reasonable investigation and "applying a heavy measure of deference to counsel's judgments). Because the Court concludes these decisions were reasonable trial strategy, the Court need not consider whether Petitioner was actually prejudiced. *See Battle*, 19 F.3d at 1555.

Turning to Petitioner's claim that his counsel failed to communicate accurately a plea agreement, the Court finds that Petitioner has offered only conclusory statements, which cannot form the basis of habeas relief. Petitioner simply asserts that counsel communicated the existence

8

of a plea agreement but inaccurately relayed the terms.² Petitioner has not offered any details or facts surrounding the plea agreement and has offered only his assertion that the agreement existed.

To succeed on this claim Petitioner is required to present some credible, non-conclusory evidence that he would have accepted the plea agreement had his counsel explained fully its terms. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005); *Engelen*, 68 F.3d at 241 (putting the burden on the petitioner to show that "but for his counsel's advice, he would have accepted the plea."). Most importantly, Petitioner is required to offer more than conclusory evidence that he would have pled guilty. In *Engelen*, the court specifically acknowledged that the defendant continued to assert his innocence and sought a new trial. *Engelen*, 68 F.3d at 241 (denying relief where the petitioner had continued to assert his innocence during the plea negotiations; finding the record to be "completely barren of any evidence that [petitioner] would have acknowledged his guilt prior to trial"). Petitioner asserts his innocence, which is strong evidence that he would not have accepted a plea agreement. Because he has failed to offer a single piece of evidence that he would have accepted a plea agreement had it been communicated accurately, he cannot demonstrate prejudice sufficient to satisfy *Strickland*. Accordingly, Petitioner has not demonstrated he was deprived of effective assistance of trial counsel, and he is not entitled to relief on this ground.

---

² The Court is aware of the Supreme Court's recent ruling in *Missouri v. Frye*, 132 S.Ct. 1399 (2012), in which the Court held that an attorney's complete failure to communicate the existence or terms of a plea bargain constituted ineffective assistance of counsel. 132 S.Ct. at 1404. *Frye* is inapplicable because Petitioner does not contend that his attorney failed to communicate the terms of the plea agreement, rather he contends his attorney did not accurately communicate the plea bargain. While *Frye* does qualify as "clearly established Federal law, as determined by the Supreme Court," it is inapplicable to the case at bar because it is factually distinct. *Williams v. Taylor*, 529 U.S. 362, 367, 409 (2000).

### B. Ground 2: Ineffective Assistance of Appellate Counsel

Ineffective assistance of appellate counsel is governed by the same standard as ineffective assistance of trial counsel. *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 687)). To support his claim of ineffective assistance of appellate counsel, Petitioner asserts his appellate counsel erred by failing to raise the issue of ineffective assistance of trial counsel on appeal. To succeed on this claim, Petitioner must demonstrate that the failure to raise the issue of ineffective assistance of trial counsel fell below an objective standard of reasonableness. *Id.*

As discussed above, Petitioner was not deprived of effective assistance of trial counsel either because his trial counsel's efforts met an objectively reasonable standard or Petitioner suffered no prejudice from his counsel's errors. It is unlikely that Petitioner would have been successful in his direct appeal had his appellate counsel asserted ineffective assistance of trial counsel. Accordingly, Petitioner has not shown appellate counsel's performance fell below an objective standard of reasonableness, nor has he shown prejudice because his trial counsel's assistance was effective. Petitioner has not demonstrated he was deprived effective assistance of appellate counsel, and therefore, he is not entitled to relief on this ground.

### C. Ground 3: Admission of Rule 404(b) Evidence

Finally, Petitioner argues the state court erroneously admitted evidence of prior bad acts. The Court may not re-examine a state court's determination on state law unless the ensuing "conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Bounds v. Delo*, 135 F.3d 1116, 1119 (8th Cir. 1998). The trial court's rulings may form the basis for federal habeas relief only if they "were so

conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Bounds*, 135 F.3d at 1119.

Petitioner claims, "[n]ine-seven [sic] percent of the information presented during the state's case-in-chief had nothing to do with the charged incedent [sic]." (Pet. 6.) Aside from this conclusory statement, Petitioner does not point to specific evidence in his petition, his memorandum in support, or his reply memorandum that should not have been admitted. Instead, Petitioner asserts that "two out of sixty pages of the State's case-in-chief" were relevant to his case. (Pet. Reply Mem. 7.)

Accordingly, Petitioner has not shown how any evidentiary rulings, whether standing alone or viewed together, deprived him of due process. Therefore, Petitioner is not entitled to habeas relief on this ground.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 19, 2012           s/ *Jeanne J. Graham*
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 6, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.