UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GRANT BRESNAHAN, | Case No. 11-CV-1418 (PJS/JJG) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| TOM ROY, Commissioner of Corrections, | |
| Respondent. | |

Grant Bresnahan, pro se.

Mark Nathan Lystig and Peter R. Marker, RAMSEY COUNTY ATTORNEY'S OFFICE; Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

This matter is before the Court on the petition of Grant Bresnahan for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bresnahan was convicted in March 2008 after trial by jury of one count of first-degree burglary and one count of fourth-degree criminal sexual conduct. He was thereafter sentenced to a 78-month term of imprisonment for the burglary conviction and a 24-month term of imprisonment for the criminal-sexual-conduct conviction, with those sentences to run consecutively. Bresnahan claims in his petition that he was deprived of his Sixth Amendment right to the effective assistance of counsel at his trial. In her Report and Recommendation ("R&R"), Magistrate Judge Jeanne J. Graham recommends that Bresnahan's petition be denied. ECF No. 12. The Court has conducted a de novo review of those portions of the R&R to which Bresnahan objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Bresnahan's objection and adopts the R&R.

The entirety of Bresnahan's objection is based on the ineffective-assistance claim he brings pursuant to *United States v. Cronic*, 466 U.S. 648 (1984). Usually, to make out a claim of

ineffective assistance of counsel, "[a] defendant must prove that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). *Cronic*, however, holds that there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. In other words, counsel's performance can be so deficient that prejudice is presumed. For example, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id*. at 659. The Eighth Circuit has applied *Cronic* "'very narrowly,'" and only rarely has it "'found a situation that justifies application of the presumption of prejudice.'" *United States v. White*, 341 F.3d 673, 679 (8th Cir. 2003) (quoting *Fink v. Lockhart*, 823 F.2d 204, 206 (8th Cir. 1987)).

Bresnahan contends that his trial counsel did not subject the prosecution's case to "meaningful adversarial testing," and that the Court may therefore presume that Bresnahan was prejudiced. His argument is as follows: Under Minnesota law, the testimony of a victim of certain sex crimes — including the fourth-degree criminal-sexual-conduct offense for which Bresnahan was convicted — need not be corroborated in order to support a finding that the accused is guilty. Minn. Stat. § 609.347, subd. 1. Therefore, the only way to defend a sexual-assault case based on the uncorroborated testimony of a victim is to attack the victim's credibility. Bresnahan's attorney did not attack the credibility of his alleged victim. Because that was the only possible defense available to Bresnahan, his attorney's failure to attack the alleged

victim's credibility was the equivalent of a failure to subject the prosecution's case to meaningful adversarial testing.

Bresnahan's argument fails for several reasons:

First, it is simply not true that, in a sexual-assault case, the only possible defense is to attack the victim's credibility. Under Minnesota law, a jury is indeed *permitted* to convict a defendant of sexual assault even if the testimony of the victim is uncorroborated. But that does not mean that a jury is *required* to convict based on the uncorroborated testimony of the victim. A jury in a sexual-assault case must make the same decision that a jury in any other case must make: Based on all of the evidence in the record, did the prosecutor prove the defendant's guilt beyond a reasonable doubt? And thus a sexual-assault case can be defended in all of the same ways as any other case.

Second, it is also simply not true that Bresnahan's attorney did nothing to test his victim's credibility. Bresnahan acknowledges in his objection that his counsel questioned the victim about potential bias she might have towards him. *See* Obj. at 5-6 [ECF No. 13]. When an attorney elicits evidence of a witness's bias, the attorney *is* attacking the credibility of that witness. Bresnahan seems to think that his attorney should have asked more questions about bias — or that his questions should have been more sharply worded — but, for prejudice to be presumed under *Cronic*, counsel must "*entirely* fail[] to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659 (emphasis added).

And that leads to the third point: To prevail on an ineffective-assistance claim pursuant to *Cronic*, Bresnahan cannot merely allege that his counsel failed to subject the prosecution's case to adversarial testing "at specific points" during the proceedings. *Bell v. Cone*, 535

U.S. 685, 697 (2002). Only if counsel's failure to test the prosecution's case is "complete" should prejudice be presumed. *Id*. "For purposes of distinguishing between the rule of *Strickland* and that of *Cronic*, this difference is not of degree but of kind." *Id*.

*Bell* is clear that courts are not to compartmentalize an attorney's performance in determining whether that attorney's representation fell below the standard set in *Cronic*. Even if Bresnahan were correct that his counsel failed to attack the credibility of the victim, his counsel nevertheless negotiated pretrial agreements for Bresnahan's benefit, cross-examined prosecution witnesses, and otherwise actively participated in Bresnahan's defense.[1]  *See* R&R at 7 [ECF No. 12]. The Court finds that Bresnahan's attorney did not "*entirely* fail[] to subject the prosecution's case to meaningful adversarial testing," and thus that, under *Cronic*, Bresnahan's Sixth Amendment rights were not denied. 466 U.S. at 659 (emphasis added).

Because Bresnahan challenges only one aspect of his counsel's representation — the alleged failure to challenge the victim's credibility — his ineffective-assistance claim would be more appropriately analyzed under the two-part test set forth in *Strickland*. But Bresnahan is emphatic that he is *not* pursuing a *Strickland* claim. *See* Pet'r Reply at 3 [ECF No. 11] ("I would like to be perfectly clear on what I *AM* claiming and what I am *NOT* claiming. I am *NOT* claiming: 1) Counsel's representation fell below an objective standard of reasonableness, and 2) that deficient performance prejudiced the defense.") (citing *Strickland*) (emphasis in original).

---

[1] Compare with *United States v. White*, 341 F.3d 673 (8th Cir. 2003). In *White*, defense counsel "called no witnesses, offered no exhibits, requested no jury instructions, failed to submit a trial brief, and participated in trial solely through cross-examinations which he did not prepare ahead of time." *Id*. at 678. Nevertheless, because defense counsel in *White* did not "completely fail[] to participate in the proceedings," the Eighth Circuit found that *Cronic*'s presumption of prejudice did not apply. *Id*. at 679.

Despite that fact, the R&R went on to consider whether Bresnahan has a valid ineffective-assistance claim pursuant to *Strickland*, and concluded that he does not. Bresnahan did not object to that portion of the R&R, and the Court adopts it.

Because Bresnahan has not shown that he was denied effective assistance of counsel under *Cronic*, and because Bresnahan has not objected to Judge Graham's conclusion that he was not denied effective assistance of counsel under *Strickland*, Bresnahan's objection is overruled, the R&R is adopted, and Bresnahan's petition is dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Grant Bresnahan's objection [ECF No. 13] is OVERRULED.

2. The Court ADOPTS the R&R [ECF No. 12].

3. Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 27, 2013         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge